IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| DANIEL THOMPKINS, | OPINION AND ORDER |
| Plaintiff, | 17-cv-102-bbc |
| v. | |
| SWAT HOLDINGS, LLC, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Daniel Thompkins filed suit against his former employer, defendant SWAT Holdings, LLC, alleging that defendant failed to pay him overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-19, and Wisconsin wage and hour laws. Dkt. #1. The parties have reached a settlement agreement and jointly move the court to approve it. Dkt. #8. They have filed a redacted copy of their confidential settlement agreement on the public docket and ask the court for leave to file the complete version under seal in order to uphold the confidentiality provision in the agreement. Dkt. #9. I am denying both motions for the reasons stated below.

OPINION

Generally, parties request court approval of their Fair Labor Standards Act settlement agreements because many courts refuse to enforce settlement agreements that have not been supervised by the Department of Labor or scrutinized by a court. Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986) ("Courts . . . have refused to

enforce wholly private [FLSA] settlements."); Salcedo v. D'Arcy Buick GMC, Inc., 227 F. Supp. 3d 960, 961 & n.1 (N.D. Ill. 2016). Because the Fair Labor Standards Act bars settlements that "establish sub-minimum wages," Walton, 786 F.2d at 306, the court must review the agreement to determine whether it "represents a fair and reasonable resolution of a bona fide dispute." Salcedo, 227 F. Supp. 3d at 961. However, the parties have not supplied the court with sufficient information to determine whether the agreement in this case is reasonable. Their submissions indicate only that plaintiff received a salary and sometimes worked more than 40 hours a week.

In addition, although court approval of Fair Labor Standards Act settlements is commonplace, maintaining the settlement agreements under seal is not. When judicial approval of a settlement is required, there is a presumption of public access to the settlement agreement. Goesel v. Boley International (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013). That presumption may be rebutted by a compelling reason, such as protection of trade secrets or personal information. Id. "The fact that [the parties] don't want to disclose is not a reason." Id. at 835.

The agreement in this case does not contain any sensitive personal information or trade secrets, and the parties provide no reason for maintaining it under seal other than they "have a significant interest in upholding the confidentiality provision" and the "terms and dollar amount of the Settlement Agreement are not of general interest to the public." Dkt. #9 at 1-2. Because the Court of Appeals for the Seventh Circuit has made it clear neither of these reasons provides a sufficient basis for sealing a settlement agreement, the court will not approve the agreement without making it accessible to the public.

Accordingly, the parties' motion to approve the settlement agreement and motion to file it under seal will be denied. Should the parties wish to obtain judicial approval of their settlement agreement, they must file the agreement publicly on the docket (or provide a legitimate reason to keep the agreement under seal) and support their renewed motion with facts sufficient for the court to determine the agreement's reasonableness. Otherwise, they may stipulate to dismiss the action without judicial approval of the agreement.

ORDER

IT IS ORDERED that

1. Plaintiff Daniel Tompkins and defendant Swat Holdings, LLC.'s joint motion to approve the settlement agreement, dkt. #8, is DENIED without prejudice to them refiling it in accordance with this opinion.

2. Plaintiff Daniel Tompkins and defendant Swat Holdings, LLC.'s joint motion to file a the settlement agreement under seal, dkt. #9, is DENIED.

Entered this 8th day of September, 2017.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge